# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **JANE STUDENT 1, etc., et al.**, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    CIVIL ACTION 01-0036-WS-M |
| | ) |
| **CHARLES WILLIAMS, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

By previous order, this Court granted the plaintiffs' motion for summary judgment on liability with respect to their claims against defendant Charles Williams for battery and invasion of privacy. (Doc. 238). The plaintiffs subsequently filed a waiver of jury demand, and the Court set this matter for a hearing on April 28, 2005 to determine damages. (Docs. 240, 241). Williams failed object or to appear and thereby waived any right to a jury determination of damages.[1]

The Court has reviewed the materials submitted by the plaintiffs in support of their demand for damages against Williams. (Doc. 245). The Court is also cognizant of those facts supporting liability that were uncontroverted on motion for summary judgment. After carefully considering the above-referenced materials, the Court makes the following findings of fact:

    1. Jane Student 1 experienced substantial emotional distress as a proximate result of Williams' batteries and invasions of her privacy. The sum of $100,000 is an appropriate sum to compensate Jane Student 1 for her emotional distress proximately caused by Williams.

    2. Jane Student 1 has established by clear and convincing evidence that Williams' batteries and invasions of privacy were accomplished with oppression and wantonness. The sum of $150,000 is an appropriate sum to punish Williams for his conduct towards Jane Student 1 and to deter others from

---

[1] *E.g., Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004); *Sailor v. Hubbell, Inc.*, 4 F.3d 323, 325 n.3 (4th Cir. 1993); Mensah v. Shepard, 1991 WL 193751 at **1 (6th Cir. 1991); *Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 116 (5th Cir. 1987);*Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

engaging in similar conduct.

3. Jane Student 2 experienced substantial emotional distress as a proximate result of Williams' batteries and invasions of her privacy. The sum of $100,000 is an appropriate sum to compensate Jane Student 2 for her emotional distress proximately caused by Williams.

4. Jane Student 2 has established by clear and convincing evidence that Williams' batteries and invasions of privacy were accomplished with oppression and wantonness. The sum of $150,000 is an appropriate sum to punish Williams for his conduct towards Jane Student 2 and to deter others from engaging in similar conduct.

5. Jane Student 3 experienced substantial emotional distress as a proximate result of Williams' batteries and invasions of her privacy. The sum of $100,000 is an appropriate sum to compensate Jane Student 3 for her emotional distress proximately caused by Williams.

6. Jane Student 3 has established by clear and convincing evidence that Williams' batteries and invasions of privacy were accomplished with oppression and wantonness. The sum of $150,000 is an appropriate sum to punish Williams for his conduct towards Jane Student 3 and to deter others from engaging in similar conduct.

7. Jane Student 4 experienced substantial emotional distress as a proximate result of Williams' batteries and invasions of her privacy. The sum of $100,000 is an appropriate sum to compensate Jane Student 4 for her emotional distress proximately caused by Williams.

8. Jane Student 4 has established by clear and convincing evidence that Williams' batteries and invasions of privacy were accomplished with oppression and wantonness. The sum of $150,000 is an appropriate sum to punish Williams for his conduct towards Jane Student 4 and to deter others from engaging in similar conduct.

Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 3rd day of May, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE